# Paul Beyersdorf

**From:** Brett Gallaway
**Sent:** Monday, August 12, 2019 4:11 PM
**To:** Yolanda Rivero
**Subject:** Espindola v Pizza Stop Rule 11 Letter
**Attachments:** Espindola v Pizza Stop Rule 11 Letter (N0017674xAB907).pdf

Yolanda,

Please see the attached correspondence related to the Pizza Stop matter.

Brett R. Gallaway, Esq.
Partner
McLaughlin & Stern, LLP
260 Madison Avenue
New York, NY 10016
Telephone: (212) 448-1100
Fax: (212) 448-0066



This transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone and destroy the documents.

IMPORTANT NOTICE: Never trust wiring instructions sent via email. Cyber criminals are hacking email accounts and sending emails with fake wiring instructions. These emails are convincing and sophisticated. Always independently confirm wiring instructions in person or via a telephone call to a trusted and verified phone number. Never wire money without double-checking that the wiring instructions are correct.

# MCLAUGHLIN & STERN, LLP
### FOUNDED 1898

**BRETT R. GALLAWAY**
Partner
bgallaway@mclaughlinstern.com
(212) 448-1100

260 MADISON AVENUE
NEW YORK, NEW YORK 10016
(212) 448–1100
FAX (212) 448–0066
www.mclaughlinstern.com

MILLBROOK, NEW YORK
GREAT NECK, NEW YORK
WEST PALM BEACH, FLORIDA
NAPLES, FLORIDA

August 12, 2019

**Via E-Mail**
Yolanda Rivera Esq.
Michael Faillace & Associates, P.C.
One Grand Central Place
60 East 42nd Street, Suite 4510
New York, NY 10165
yrivero@faillacelaw.com

Re:   *Cesario Garcia Espindola et al v. Pizza Stop Corp. et al*
      1:19-cv-01026(VSB)

Dear Ms. Rivera,

This letter is written on behalf of Defendants in the above referenced action in a good-faith effort to seek the Plaintiffs' voluntary dismissal of the Complaint and discontinuance of this legal action, with prejudice.

Upon researching the allegations made by your client, Mr. Espindola, in the Second Amended Complaint, filed on August 6, 2019, it has come to our attention that Michael Faillace & Associates filed a similar action in April 2018, against another New York eatery on behalf of a plaintiff with the same name and who allegedly resides in the same city. *See Espindola et al. v. Panchos Pizzeria, Inc et al.*; 18-cv-3373(PAE)(KNF) ("*Panchos*"). However, the troubling aspect of the *Panchos* case is that the plaintiff in that matter, who is also represented by your firm, has the same name and resides in the same city, alleges overlapping dates of employment for approximately 6-months with the Plaintiff in this action. *Compare* Dkt. No. 39, ¶ 52 & *Panchos* Dkt. No. 8, ¶ 45.

The *Panchos* complaint alleges that "Plaintiff Cesario Garcia Espindola… is an adult individual residing in New York County, New York." *Panchos*, Dkt. No. 8, ¶ 19. The *Panchos* complaint further alleges that "[f]rom approximately July 14, 2017 until on or about March 29, 2018, Plaintiff Garcia worked as a delivery worker from approximately 12:00 p.m. until on or about 10:00 p.m., Mondays through Saturdays (typically 60 hours per week)." *Id* at ¶ 45.

Alarmingly, this matter was filed on behalf of an individual, also named Cesario Garcia Espindola, who also resides in New York County, New York. *See* Dkt. No. 39, ¶ 20. Additionally, in this action, Mr. Espindola alleges that "[f]rom approximately June 2016 until on or about

December 2017, Plaintiff Garcia worked at the Lenox Avenue location from approximately 5:00pm until on or about 11:00 p.m., six days a week (typically 36 hours per week)." Dkt. No. 39, ¶ 52. Based on the allegations set forth in these complaints, Plaintiff claims to have worked for two different Defendants at two different establishments at the same time for an overlapping period of six months, roughly beginning on July 14, 2017 until approximately December 2017. Plaintiff has also provided the precise hours worked at each establishment, which overlap substantially. If this is the same Plaintiff, represented in both matters by your firm, Mr. Espindola's conflicting allegations raise a host of ethical issues in addition to the demonstrably fraudulent nature of his claims.

An analysis of the two complaints, clearly shows that the facts in one or both cases have been misrepresented or distorted. Counsel for Plaintiff have breached their obligation to conduct a reasonable investigation with respect to the allegations asserted in the Complaint. Ultimately, it is impossible that the claims raised in both actions are true and, as indicated, the fatal inconsistency raises major ethical concerns as to the practices of Plaintiffs' firm. This is all the more concerning given that you filed the Second Amended Complaint in this matter on <u>the same day</u> that the Court approved the settlement in the *Panchos* matter. If this is the same person, it remains unclear how you could maintain the settlement in the *Panchos* case and continue to litigate this matter in good faith.

As such, Plaintiffs' counsel has breached its responsibility to the court pursuant to Fed. R. Civ. P. 11(b). Your firm has engaged in frivolous conduct by signing, filing and submitting the Complaint, Amended Complaint *and* Second Amended Complaint to the Court.

Specifically, Rule 11 provides in relevant part as follows:

> (b) REPRESENTATIONS TO THE COURT. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically, so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; …

   As a result of the commencement of this frivolous action, Defendants were forced to retain the undersigned to defend this action and have incurred attorneys' fees and costs, among other damages to date.

   Based upon the foregoing, we hereby demand that you immediately agree to dismiss the Complaint, with prejudice. If you fail to dismiss the Complaint within 21 days, we will file an appropriate motion with the Court to address the issue, and consistent with Rule 11, the Court, in its discretion, may assess monetary sanctions. *See* F.R.C.P. 11(c). Should you not voluntarily withdraw the Complaint, Defendants intend to request a pre-motion conference with the Court to address the conflicting allegations between the two matters. This letter is without prejudice and/or waiver and with full reservation of any and all rights Defendants have or may have regarding the above.

Regards,

_____
Brett R. Gallaway, Esq.