```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CESARIO GARCIA ESPINDOLA, GABRIEL         :
IBARRA, and VICTOR MANUEL GARCIA
GAMBOA individually and on behalf of others :
similarly situated,
                                           :
              Plaintiffs,                          MEMORANDUM AND ORDER
                                           :
      v.                                              19-CV-1026 (VSB) (KNF)
                                           :
PIZZA STOP CORP. (D/B/A PIZZA STOP), 2166
FREDERICK DOUGLASS BLVD CORP. (D/B/A       :
PIZZA STOP), BILUR LALA, LENNY DOE,
DAVID DOE, and ARI DOE,                    :

              Defendants.                  :
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE
```

## DEFENDANTS' MOTION FOR SANCTIONS

Before the Court is the defendants' unopposed motion "for an order sanctioning Plaintiff's counsel and granting Defendants its [sic] attorneys' fees and costs under Rule 11 of the Federal Rules of Civil Procedure." The defendants contend that the plaintiffs' counsel Michael Faillace [("Faillace")] of Michael Faillace and Associates, P.C. filed a complaint, amended complaint and second amended complaint in this action on behalf of Cesario Garcia Espindola ("Espindola") containing frivolous allegations and forced the defendants "to expend money to bring to the Court's attention [counsel's] contumacious conduct and bad-faith prosecution of this matter as well as the preparation for a sham mediation." According to the defendants, Espindola alleged in this action that he worked for the defendants "[f]rom approximately June 2016 until on or about December 2017," "at the Lenox Avenue location from approximately 5:00 p.m. until on or about 11:00 p.m.," while alleging in the action

1

captioned Espindola v. Panchos Pizzeria Inc, 18-CV-3373, filed in this court, that he worked for the defendants in that action "[f]rom approximately July 14, 2017 until on or about March 29, 2018," "from approximately 12:00 p.m. until on or about 10:00 p.m." The defendants contend that dates and times of employment alleged by Espindola in Panchos Pizzeria Inc action overlap with the dates and times of employment Espindola alleged in this action by approximately six months. The defendants maintain that Espindola's counsel filed a second amended complaint in this matter on August 6, 2019, the same day that the court approved the settlement in the Panchos Pizzeria Inc action. On August 12, 2019, the defendants' counsel sent a letter to the plaintiffs' counsel, seeking voluntary dismissal of the complaint, with prejudice. On August 16, 2019, the plaintiffs' counsel sent an electronic message to the defendants' counsel, stating: "I reviewed the [August 12, 2019] letter and as such, we are amending the complaint. . . . Specifically, I have corrected the last date of employment for Plaintiff Espindola at the Lenox Avenue location." The defendants assert that filing of "the conflicting actions on behalf of the same individual" and failing to correct the allegations at issue despite an ample opportunity to do so warrants sanctioning Espindola's counsel by requiring counsel to pay the defendants' attorneys' fees and costs incurred in defending against the frivolous claims. The defendants contend that Espindola's counsel has engaged in and been sanctioned for similar conduct in "*Gonzalez v. 27 W.H. Bake, LLC*, 2017 US Dist LEXIS 36633, at *7 (SDNY Feb. 15, 2017)," "*Nunez v. Bistro NY Dev. Inc.*, 2013 US Dist LEXIS 143408, at *1 (SDNY Oct. 3, 2013)" and "*Marcelino v. 374 Food, Inc.*, 2018 US Dist LEXIS 51582, at *2 (SDNY Mar. 27, 2018)." In support of the motion, the defendants submitted a declaration by their attorney with exhibits.

# FINDINGS OF FACT

On April 20, 2018, Faillace of Michael Faillace & Associates, P.C. filed a complaint in the action captioned Espindola v. Panchos Pizzeria Inc, 18-CV-3373, in this court, on behalf of the plaintiff Cesario Garcia Espindola, alleging that, "[f]rom approximately July 14, 2017 until on or about March 29, 2018, Plaintiff Garcia worked as a delivery worker from approximately 12:00 p.m. until on or about 10:00 p.m., Mondays through Saturdays (typically 60 hours per week)" at a restaurant "located at 964 Amsterdam Avenue, New York, NY 10025 under the name 'Panchos Antojitos Mexicanos.'" On February 1, 2019, Faillace filed a complaint in this action on behalf of the plaintiff Cesario Garcia Espindola, alleging that, "[f]rom approximately June 2016 until on or about December 2017, Plaintiff Garcia worked at the Lenox Avenue location from approximately 5:00 p.m. until on or about 11:00 p.m., six days a week (typically 36 hours per week)." In this action, Faillace filed the first amended complaint, on February 4, 2019, and the second amended complaint, on August 6, 2019, containing the same allegations of dates and hours of work for Cesario Garcia Espindola during the period "[f]rom approximately June 2016 until on or about December 2017." On August 6, 2019, the court approved the settlement agreement in the action Espindola v. Panchos Pizzeria Inc, 18-CV-3373. On August 12, 2019, the defendants' counsel in this action sent an electronic communication to Espindola's counsel, asking for dismissal of the instant complaint based on the conflicting allegations of the person with the same name Cesario Garcia Espindola in this action and the action Espindola v. Panchos Pizzeria Inc, 18-CV-3373. On August 16, 2019, Yolanda Rivero, Esq., of Michael Faillace & Associates, P.C., stated in her electronic communication to the defendants' counsel in this action that she has "corrected the last date of employment for Plaintiff Espindola at the Lenox Avenue location" in the proposed third amended complaint, which she included in the

3

communication for the defendants' counsel's review. As of the date of this memorandum and order, Faillace did not withdraw or correct the challenged allegations.

## LEGAL STANDARD

Rule 11 of the Federal Rules of Civil Procedure provides:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b)(3).

Rule 11 also provides for sanctions for violating Rule 11(b):

> (c) Sanctions.
> (1) *In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.
> (2) *Motion for Sanctions.* A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.
> (3) *On the Court's Initiative.* On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).
> (4) *Nature of a Sanction.* A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.
> (5) *Limitations on Monetary Sanctions.* The court must not impose a monetary sanction:
> (A) against a represented party for violating Rule 11(b)(2); or
> (B) on its own, unless it issued the show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned.

(6) *Requirements for an Order.* An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction.
(d) Inapplicability to Discovery. This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37.

Fed. R. Civ. P. 11(c).

## APPLICATION OF LEGAL STANDARD

### *Fed. R. Civ. P. 11(b)(3) Violation*

Faillace, of Michael Faillace & Associates, P.C., signed and filed two complaints on behalf of Espindola, alleging that Espindola worked for two different employers at two different locations at the same time, during a period of approximately six months, from July 2017 until December 2017. The factual contentions concerning Espindola's employment in this action, during the period from July 2017 to December 2017, contradict the factual contentions asserted in the action Espindola v. Panchos Pizzeria Inc, 18-CV-3373 that preceded this action. Faillace had multiple reasonable opportunities to investigate the contradicting factual contentions to ensure that they have evidentiary support, but failed to do so: (1) on February 4, 2019, when the first amended complaint was filed; (2) on August 6, 2019, when the second amended complaint was filed; and (3) after it was brought to his attention by the defendants' counsel in this action, on August 12, 2019. Faillace had notice of the instant motion and an opportunity to respond but elected not to do so. The Court finds that Faillace, of Michael Faillace & Associates, P.C., violated Rule 11(b)(3) of the Federal Rules of Civil Procedure.

### *Fed. R. Civ. P. 11(c) Sanctions*

The Court finds that no exceptional circumstances exist to avoid Michael Faillace & Associates, P.C.'s joint responsibility for the violation committed by Faillace. The defendants demonstrated Michael Faillace & Associates, P.C. exhibited similar conduct implicating Rule 11(b)(3) violations in the past. To deter similar conduct by Michael Faillace & Associates, P.C.

and others, the Court finds that imposing a monetary sanction is warranted, namely, that all of the defendants' reasonable attorneys' fees and other expenses directly resulting from the violation, including the fees incurred in connection with the instant motion, be paid by Michael Faillace & Associates, P.C. to the defendants.

## CONCLUSION

For the foregoing reasons, the defendants' motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, Docket Entry No. 43, is granted. On or before December 17, 2019, the defendant shall submit their request for reasonable attorneys' fees and expenses. On or before December 26, 2019, Michael Faillace & Associates, P.C. may challenge the reasonableness of the fee request. On or before January 2, 2020, the defendants may file any reply.

Dated: New York, New York
December 10, 2019

SO ORDERED:

_____
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE