# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510      Telephone: (212) 317-1200
New York, New York 10165      Facsimile: (212) 317-1620

December 11, 2020

**VIA ECF**
Hon. Vernon S. Broderick, U.S.D.J.
United States District Court for the Southern District of New York
40 Foley Square, Courtroom 518
New York, NY 10007

         Re:     *Garcia Espindola et al v. Pizza Stop Corp. et al*
                    Case No. 1:19-cv-01026-VSB-KNF

Your Honor:

     My firm represents Plaintiffs in the above-captioned matter. Together with Defendants' counsel, I write in response to the Court's Order dated December 4 (ECF Doc .No. 98). This letter addresses in sequence the items set forth in said Order.

*The Terms of the Settlement Agreement Between the Parties and if There are Any Other Terms Beyond Releasing Defendants from Liability and Setting a Payment Schedule*

     The Settlement Agreement provides that Defendants will pay Plaintiffs and their counsel $55,000.00 within 30 days of the entry of judgment pursuant to the (previously-filed, see ECF Doc. Nos. 90, 93) Rule 68 offer and acceptance thereof. . Of this sum, Plaintiffs' counsel shall receive $18,875.33, representing costs incurred plus one-third of the remainder of the settlement amount. The remaining $36,124.67 would be split among the Plaintiffs. Of each Plaintiff's share, half would be treated as W-2 income and half would be treated as 1099 income.

> The Agreement provides that the parties will not file "any civil action, action, charge, or other proceeding of any nature or description against the other before any judicial, administrative, arbitral or other forum based upon or arising out of any claims, whether asserted or not, that the Parties may have against the other during the time period that was the subject of the litigation, as of the date of this Agreement. To the extent that *a court of competent jurisdiction* determines the release provision of the preceding sentence to be overbroad, such sentence shall instead be construed as limited to wage and hour claims and/or claims asserted in the lawsuit. (emphasis added)

     It is submitted that, in light of the Rule 68 offer and extended and accepted, this Court no longer has jurisdiction over this Agreement. Accordingly, whether the release provision is construed narrowly (limited to wage and hour claims during the relevant time period) or more broadly is a question for a state court. Once an action has been disposed of pursuant to an agreement between the parties, the agreement is governed by ordinary (state) contract law. *LaBarbera v. Dasgowd, Inc.*, CV-03-1762 (CPS) (E.D.N.Y. May. 22, 2007). The District Court

December 11, 2020
Page 2

has no jurisdiction over the agreement unless the court, in an Order approving the agreement, affirmatively retains jurisdiction[1] over the agreement. *Hendrickson v. United States*, 791 F. 3d. 354, 358 (2d Cir. 2015) (citations omitted).

*The Facts and Chronology Surrounding any Agreements Reached in This Case*

The parties engaged in a virtual mediation session in early September, and counsel for the parties continued intermittent settlement discussions (via telephone and email) until mid-October, when the parties came to terms as above. While there were sharply-contested issues pertaining to liability during the mediation session and throughout the ensuing negotiation period, an additional issue concerning Defendants' ability to pay, in light of a slowdown in business which was exacerbated due to the COVID-19 pandemic, loomed large. At the mediation session, and at least once during the ensuing negotiations, Plaintiffs' counsel expressed a preference[2] for disposing of this matter through a Rule 68 judgment, pursuant to *Mei Xing Yu v. Hasaki Rest., Inc*., 944 F.3d 395 (2d Cir. 2019). When the parties reached agreement on other settlement terms in mid-October, Defendants, through their counsel, agreed to extend a Rule 68 offer in the amount of $55,000.00, and Plaintiffs promptly accepted such offer.

*An Explanation of What Agreement was Reached Before the Mediator*

As mentioned above, the lone mediation session ended without an agreement having been reached. The mediator continued to play a facilitative role in the ensuing negotiations between counsel.

*The Parties' Explanation for Why Resolution Pursuant to Federal Rule of Civil Procedure 68 is Appropriate in this Case*

The only instance in which *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015) authorizes a Court to conduct review of a settlement agreement is when a plaintiff seeks dismissal of the action with prejudice pursuant to F.R.C.P. R. 41(a)(1)(A)(ii). Indeed, the *Hasaki* court candidly stated that they were "confining *Cheeks* to Rule 41(a)(1)(A)(ii) stipulated dismissals with prejudice." 944 F.3d. at 412.

---

[1] Either by expressly retaining such jurisdiction or by incorporating into its Order the provisions of an agreement that provides for such retention of jurisdiction.

[2] Plaintiffs' counsel was concerned about the possibility of an unduly prolonged review period. See, e.g., *Almazo Vidal et al v. The Draft House LLC et al.*, 1:18-cv-08819-VSB (Court enters Order approving settlement agreement fifteen months after submission of Agreement, two months after counsel notifies Court of erstwhile thirteen-month delay).

December 11, 2020
Page 3

      Per *Hasaki*, the Court, under Rule 68 of the Federal Rules of Civil procedure, <u>must</u> enter judgment in favor of Plaintiffs and against Defendants in the amount offered and accepted. Prior to the Second Circuit's decision in *Hasaki*, some district judges declined to enter judgment when a Rule 68 offer was extended and accepted in the FLSA context. See, e.g., *Mei Xing Yu v. Hasaki Rest., Inc.*, 319 F.R.D. 111, 116–17 (S.D.N.Y. 2017) (Furman, J.); *Lopez v. Overtime 1st Ave. Corp.*, 252 F. Supp. 3d 268, 272–73 (S.D.N.Y. 2017) (Sullivan, J.). On October 1, 2020, in *Ponce Rodriguez et al v. 880 Dry Cleaners, Inc. et al.*, 1:19-cv-06500-JMF (ECF Do. No. 132), Judge Furman, whose *Hasaki* opinion disapproving of disposition of FLSA claims via Rule 68 judgments was ultimately overruled by the Second Circuit, ordered parties who had participated in a settlement conference before the magistrate, and thereupon reached a settlement, to submit the agreement to the court for *Cheeks* approval. In the course of such order, Judge Furman, in a footnote, noted that "[j]udicial approval is not required for a settlement of FLSA claims by way of a Rule 68(a) offer of judgment. *See Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 414 (2d Cir. 2019)." 1:19-cv-06500-JMF (ECF Do. No. 132) (*1, fn. 1).[3]

      Accordingly, the Court is respectfully requested to enter judgment in accordance with the form filed as ECF Doc. No. 91, and to adjourn the conference scheduled for December 3.

      Plaintiffs thank the Court for its attention to this matter.

                                     Respectfully Submitted,

                                       /s/ Jordan Gottheim
                                       Jordan Gottheim, Esq.
                                       MICHAEL FAILLACE & ASSOCIATES, P.C.
                                       *Attorneys for Plaintiff*

Cc: Brett Gallaway, Esq. (via ECF)

---

[3] As explained in my letter to the Court dated November 17, the fact that the acceptance of judgment and the Notice of such acceptance of judgment were signed electronically rather than by hand is of no import.